60 CCPA

**WRAP-ON COMPANY, INC.,**
Appellant,

v.

**W. R. GRACE & CO.,**
Appellee.

**Patent Appeal No. 8821.**

United States Court of Customs and Patent Appeals.

Jan. 11, 1973.

Jerome Gilson, Richard H. Compere, Chicago, Ill., attys. of record, for appellant. Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., of counsel.

Kenneth E. Prince, Charles L. Harness, Clarksville, Md., attys. of record, for appellee. C. Willard Hayes, Washington, D. C. (Cushman, Darby & Cushman), Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, one member dissenting, 165 USPQ 473 (1970), that the trademarks "PLUMB OUT" and "PLUMITE," used in connection with cleaning preparations for plumbing fixtures and drains, are likely to cause confusion, deception or mistake within the purview of the Lanham Act (15 U.S.C. § 1052(d)).

Appellant, Wrap-On Company, Inc., filed an application to register PLUMB OUT for solvents for cleaning drain pipes and plumbing fixtures, asserting use since July 15, 1964.[1]

Appellee, W. R. Grace & Co., owner of the registration PLUMITE [2] for solvents for cleaning drain pipes and plumbing fixtures, opposed appellant's attempt to register PLUMB OUT. The record establishes that the products of the parties are the same and sustains appellee's claim to priority by virtue of continuous use by a predecessor-in-title and a licensee.

It appears from the record that appellee's mark PLUMITE had for many years been used by Dearborn Chemical Company, now a division of appellee, on a drain cleaner; that in 1953 Dearborn granted to Ivano, Inc., an exclusive license to market the product and use the mark thereon. In 1955, Simoniz, Inc. acquired control of Ivano, at which time it was agreed that the former was to be substituted as licensee under the 1953 agreement. Since that time Simoniz has remained the exclusive licensee under the mark. It further appears that from 1953 to date Dearborn and subsequently appellee-opposer have received royalties from their exclusive licensee under the provisions of the license agreement.

Since priority of use clearly resides with appellee, the only issue is whether appellant's mark so resembles appellee's registered mark as to be likely when applied to the goods of appellant to cause confusion, or to cause mistake, or to deceive. We are impelled by the record to reach the conclusion stated by a majority of the board that:

> When we consider the marks, it is obvious that the term, "PLUMB" and prefix "PLUM" are contractions of the word "plumber" or "plumbing" and therefore highly suggestive of preparations used in plumbing. On the other hand, we must consider the marks of the parties in their entireties and when so considered, it is our opinion that "PLUMB OUT" and

"PLUMITE" are quite similar in sound. This factor alone could well lead to a likelihood of confusion, particularly where the involved products are over-the-counter items which could be orally requested in hardware or grocery stores.

We think it clear that appellant's mark so resembles the mark of appellee as to be likely when applied to appellant's goods to cause confusion or mistake. The decision of the board sustaining the opposition and refusing registration is affirmed.

Affirmed.