**RITE AID CORPORATION, Appellant,**

v.

**RITE–WAY DISCOUNT CORPORATION,**
**Appellee.**

**Patent Appeal No. 74–616.**

United States Court of Customs and Patent Appeals.

Submitted Dec. 9, 1974.

Decided Jan. 9, 1975.

Donald A. Kaul, Washington, D. C., attorney of record, for appellant. Roylance, Abrams, Berdo & Kaul, Washington, D. C., of counsel.

William A. Snow, Chicago, Ill., attorney of record, for appellee. Martin E. Litwin and Rummler & Snow, Chicago, Ill., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

ALMOND, Senior Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board, 182 USPQ 698 (1974), dismissing appellant's opposition to the registration of RITE WAY and design or logo as a service mark for retail drug store services, application serial No. 384,862, filed February 25, 1971, claiming first use November 5, 1969. We affirm.

### FACTS

Both parties presented evidence. Appellee also introduced a notice of reliance indicating its intention to rely upon 12 third-party registrations showing the term RITE used as a suffix in such marks.

Appellee's evidence tends to show that the mark RITE WAY incorporated in an octagon design came into being sometime during the summer of 1969 when an official of appellee's corporation seeing a sign on the expressway, reading "STOP WRONG WAY," said to himself "Let's make it the right way and shape it in the form of an octagon and make it like a stop sign."

The name RITE WAY and the same term within an octagon design were subsequently adopted, and appellee was incorporated as Rite-Way Discount Corporation under the laws of Illinois in September 1969.

Appellee provides a group advertising and buying program for small independent pharmacies, variety and food stores to enable them to compete with larger discount drug and other chain stores. The program is designed to draw customers into the participating independent stores through advertising in newspapers and other media of certain lead-in merchandise which it sells to the retailers at close to cost. The advertisements feature the RITE WAY and octagon design mark and list the participating inde-

pendent retailers in the area covered by the advertisement. The number of participating retailers in the program has grown over the years and as of November 6, 1972, there were approximately 180 participating stores, located in Illinois, Kentucky, Indiana, and New Jersey.

Appellant's predecessor, Rock Rite Distributors, Inc., first used the term RITE AID in January 1966 as the name for a retail drug store in New Rochelle, New York, and as a trademark to identify private brand labeled products offered for sale therein. Additional stores were opened, and by early 1968 there were about twenty stores operating under the name RITE AID in the states of Connecticut, New York, Pennsylvania, and New Jersey.

Appellant, Rite Aid Corporation, was formed in April 1968 and acquired all of the assets of Rock Rite Distributors by merger, including three federal registrations for RITE AID and for RITE AID with design.[1] Appellant, as of March 1973, had expanded to more than 330 stores, operating in the states of Massachusetts, Connecticut, New York, Pennsylvania, New Jersey, Virginia, North Carolina, West Virginia, and Ohio. During that time the use of RITE AID as a service mark for drug stores and as a trademark for between four and five hundred private label products was continuously expanded.

The first reported contact between the parties to this appeal occurred in 1972 when appellee expanded its operations into the state of New Jersey, where appellant corporation was already doing business. Appellee's general counsel testified that he was contacted by appellant's attorney, who advised him that RITE WAY was similar to RITE AID and that appellee's operations in that state were causing his client some problems. Appellant's attorney suggested that their differences could be amicably resolved by either discontinuing or modifying the name RITE WAY or modifying the logo. There was thereafter prior to the filing of this opposition apparently no further contact between the parties regarding this matter.

## OPINION

Appellant contends that the marks considered in their entireties are confusingly similar in both sound and appearance. Specifically, appellant argues:

> Both marks are composed of two words having seven letters and two syllables. The first four letters of each mark are identical, namely, RITE. The second word or last three letters of each mark consists of one syllable word predominated by the long "a" sound; that is, the respective suffix portions of the marks are pronounced "ād" and "wā."

Pertinent to appellant's contention that the marks are confusingly similar in appearance is the observation that appellee is seeking to register a composite mark consisting of the words RITE WAY and logo or design. Consequently, the allegation that the term RITE WAY is visually similar to appellant's word mark RITE AID is an improper dissection of appellee's mark, since the visual impression likely to be remembered by purchasers will include the design as well as the words.

A visual comparison (shown below) of appellee's composite mark with appellant's word mark, originally pleaded in the notice of opposition, and to its composite mark which is covered by two separate registrations subsequently intro-

1. These registrations were Registration No. 901,322 issued October 20, 1970 on an application filed April 26, 1968 for RITE AID per se, for retail drug store services; Registration No. 877,669 issued September 30, 1969 on an application filed April 26, 1968, covering RITE AID with design, for various and sundry pharmaceutical preparations; and Registration No. 875,773 issued August 26, 1969, also on an application filed April 26, 1968, for the identical composite mark for toiletries such as mouthwash, denture cleanser, toothpaste, bath oil, and the like.

duced into evidence leads us to the conclusion that the marks are sufficiently dissimilar in appearance to preclude a likelihood of confusion.

Appellee's mark

RITE AID

Appellant's marks

We also find that no likelihood of confusion would result from the alleged phonetic similarity of the marks. Appellant argues:

> Certainly, as far as similarity in sound is concerned, the marks are virtually indistinguishable unless very carefully pronounced. As this Court noted in Wrap-On Co. Inc. v. W. R. Grace & Co., 470 F.2d 1046, 176 USPQ 210 (CCPA 1973) similarity in sound is enough to create a likelihood of confusion.

In the decision referred to by appellant, however, it was the opinion of this court, in adopting the conclusion stated by the majority of the Trademark Trial and Appeal Board, that the similarity in sound of the marks involved "could well lead to a likelihood of confusion, particularly where the involved products are over-the-counter items which could be orally requested in hardware or grocery stores." Wrap-On Co., Inc. v. W. R. Grace & Co., supra. We note that in our prior decision the goods were of the type frequently purchased by verbal order. In the instant appeal, however, services are involved, namely, "retail drug store services." We are not convinced that a user of these services, namely, the retail drug store customer, is likely to be confused under the circumstances of this case, where the likelihood of visual exposure to the marks through newspaper and other media advertising plays such a prominent role. Additionally, the facts that the words "aid" and "way" are totally dissimilar in appearance and vary significantly in sound and meaning militate against appellant's position.

Accordingly, we hold that the over-all differences between the marks of the parties are sufficient to preclude a likelihood of confusion. The decision of the board is affirmed.

Affirmed.